UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-cv-61158

IDANIA C. RODRIGUEZ,

    Plaintiff,

v.

SOLOMON, VIGH & SPRINGER, PA,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES
### JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District and sued in this District.

## PARTIES

3. Plaintiff, IDANIA C. RODRIGUEZ ("RODRIGUEZ"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, SOLOMON, VIGH & SPRINGER, PA ("SVP"), is a professional association organized under the laws of the State of Florida. Its principal place of business is at 1702 N. Florida Ave., Tampa, FL 33602.

5. SVP is registered with the Florida Department of State Division of Corporations as a limited liability company Its registered agent for service of process is Marvin Solomon, 1702 N. Florida Ave., Tampa, FL 33602.

6. SVP regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. SVP regularly collects or attempts to collect debts due to other parties.

8. SVP, on behalf of Ford Motor Credit Co. ("Ford") and others, regularly initiates litigation to collect debts.

9. SVP is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt for a consumer automobile loan.

11. The debt was incurred for personal, household, or family purpose.

12. Plaintiff defaulted on the auto loan and Ford repossessed the subject vehicle, sold it at auction, and sought the deficiency amount from Plaintiff ("the debt").

13. SVP, on behalf of Ford, filed a state court action against Rodriguez for an alleged automobile deficiency balance.

14. On July 21, 2020, SVP, on behalf of Ford, obtained a default final judgment against Rodriguez.[1] A copy of the Default Final Judgment is attached as Exhibit "A."

15. Defendant, on December 28, 2020, obtained a Continuing Writ of Garnishment.

---

[1] Although a default final judgment was entered, Ford failed to state a cause of action.

16. Defendant, on behalf of Ford, filed a Motion to Tax Garnishment and Other Post-Judgment Costs ("Motion"). The motion states that Ford incurred recording costs of $40.00. A copy of the Motion to Tax Garnishment and Other Post-Judgment Costs is attached as Exhibit "B."

17. Defendant, on behalf of Ford, filed an Affidavit of Post-Judgment Costs ("Affidavit"). In the Affidavit, John Springer, Esq. ("Springer") swore under oath that Ford incurred recording costs of $40.00. A copy of the Affidavit of Post-Judgment Costs is attached as Exhibit "C."

18. Both the Motion and Affidavit were signed by Springer. *See* Exhibits "B" and "C."

19. The recording costs for Miami-Dade County, Florida are $10.00 for the first page and $8.50 for each additional page. A copy of the Miami-Dade County recording fees is attached as Exhibit "D."

20. The Default Final Judgment was two pages. *See* Exhibit "A." As such, the total recording costs in the state court action were $18.50.

21. Neither Ford nor SVP had any legal or factual basis to ask for or recover $40.00 for recording fees on a two-page document recorded in Miami-Dade County, Florida. *See* Exhibit "D."

22. Defendant falsely represented to the state court and to Plaintiff and under oath that SVP and Ford were entitled to $40.00 for recording costs.

23. Springer made this statement to Plaintiff when neither Ford nor SVP were entitled to $40.00 for recording costs.

24. Springer's under-oath statement, that Ford was entitled to $40.00 for recording costs, is perjurious.

25. Defendant acknowledged to Plaintiff's state court counsel that the amount listed for recording fees was in excess of the actual amount expended by Defendant. A copy of the email between Springer and Jeralyn S. Adelman, Esq. is attached as Exhibit "E."

26. Defendant's actions caused Plaintiff to incur actual damages including attorney's fees and emotional pain and suffering.

## COUNT I – FALSE STATEMENT TO A TRIBUNAL

27. Plaintiff incorporates Paragraphs 1 through 26.

28. Defendant falsely stated under oath to the state court that it was entitled to $40.00 for recording costs.

29. Defendant made the representation in violation of 15 U.S.C. §1692e and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II – ATTEMPTING TO COLLECT AN IMPROPER DEBT IN VIOLATION OF 15 U.S.C §1692e(2)(a)

30. Plaintiff incorporates Paragraphs 1 through 26.

31. Defendant alleged that Plaintiff owed more than the actual amount owed in violation of 15 U.S.C. §1692e(2)(a).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Statutory and actual damages;

5

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

          Debt Shield Law
          3440 Hollywood Blvd., Suite 415
          Hollywood, FL 33021
          Tel:   754-800-5299
          Fax:   305-503-9457
          service@debtshieldlaw.com
          joel@debtshieldlaw.com

          */s/ Joel D. Lucoff*
          Joel D. Lucoff
          Fla. Bar No. 192163